UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-20077-CR-MARTINEZ/BECERRA

UNITED STATES OF AMERICA

vs.

JAMES ROBERT MILLS, Jr.,
    a/k/a "B,"

                        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and JAMES ROBERT MILLS, Jr. (hereinafter referred to as the "defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to the following Counts of the Indictment: Counts 1 and 4, which charge the defendant with attempted murder of a federal officer and employee, in violation of Title 18, United States Code, Sections 1114(3) and 1113; Counts 2 and 5, which charge the defendant with forcible assault of a federal officer and employee, with a deadly and dangerous weapon, in violation of Title 18, United States Code, Section 111(a)(1) and (b); Counts 3 and 6, which charge the defendant with discharging a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii); Count 7, which charges the defendant with attempted murder of a person assisting a federal officer and employee, in violation of Title 18, United States Code, Sections 1114(3) and 1113; and Count 8, which charges the defendant with forcible assault of a person assisting a federal officer and

employee, with a deadly and dangerous weapon, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

2. The United States will dismiss Count 9 of the Indictment, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" or "USSG"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that upon his conviction on each of Counts 1, 2, 4, 5, 7, and 8 of the Indictment, the Court may impose a maximum term of twenty (20) years' imprisonment, to be followed a maximum term of three (3) years' supervised release.

In addition to a term of imprisonment and supervised release, upon the defendant's conviction on each of Counts 1, 2, 4, 5, 7, and 8, the Court may impose a fine of up $250,000.

5. The defendant further understands and acknowledges that upon his conviction on each of Counts 3 and 6 of the Indictment, the Court must impose a statutory mandatory minimum term of ten (10) years' imprisonment as to each count, which must run consecutively to every other term of imprisonment imposed at sentencing, and the Court may impose a maximum term of life imprisonment; therefore, the total mandatory minimum term of imprisonment for Counts 3 and 6 is twenty (20) years, and the total maximum term of imprisonment is two consecutive terms of life imprisonment. Further, any term of imprisonment as to Count 3 and 6, may be followed by a maximum term of five (5) years' supervised release. In addition to a term of imprisonment and supervised release, upon the defendant's conviction on each of Counts 3 and 6 of the Indictment, the Court may impose a fine of up to $250,000.

6. The defendant understands that restitution is mandatory under Title 18, United States Code, Section 3663A, because the offenses charged in Counts 1, 2, 4, 5, 7, and 8 to which the defendant is pleading guilty are "crimes of violence," as defined in Title 18, United States Code, Section 16, and an identifiable victim has suffered a physical injury or a pecuniary loss. Further, pursuant to Title 18, United States Code, Section 3663(a)(3), the defendant agrees to pay restitution for all losses arising from his relevant conduct as defined in Section 1B1.3 of the Sentencing Guidelines.

7. The defendant further understands and acknowledges that, in addition to any sentences imposed under paragraphs 4 and 5 of this agreement, a special assessment in the amount

of $800 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

8. The Office of the United States Attorney for the Southern District of Florida (hereinafter, the "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. This Office agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will make a motion requesting an additional one (1) level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. This Office, however, will not be required to make the aforementioned recommendations and motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation

office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. Applicable Guidelines: The guideline for Counts 1, 4, and 7 (violations of 18 U.S.C. §§ 1114(3) and 1113) is USSG § 2A2.1. The guideline for Counts 2, 5, and 8 (violations of 18 U.S.C. § 111(a)(1) and (b)) is USSG § 2A2.2. The guideline for Counts 3 and 6 (violations of 18 U.S.C. § 924(c)(1)(A)(iii)) is USSG § 2K2.4.

b. Grouping of Counts 1, 2, 4, 5, 7, and 8: Pursuant to USSG § 3D1.2(a) and application note 3 and example (4), Counts 1, 2, 4, 5, 7, and 8 should be grouped by victim. Accordingly, there should be three groups: Group A, comprising Counts 1 and 2; Group B, comprising Counts 4 and 5; and Group C, comprising Counts 7 and 8.

c. Offense Level for Group A, B, and C: Pursuant to USSG § 3D1.3(a) and USSG § 2A2.1(a)(2) the offense level for each of Group A, B, and C is 27.

d. Combined Offense Level for Groups, A, B, and C: Pursuant to USSG § 3D1.4(a), each of Group A, B, and C counts as one Unit; therefore, the combined offense level for the three groups is the offense level for each Group (27) plus 3 levels. Therefore, the combined offense level is 30.

e. Concurrent Sentences for Counts 1, 2, 4, 5, 7, and 8: The terms of imprisonment imposed as to Counts 1, 2, 4, 5, 7, and 8 should run concurrently to one another; but they shall run consecutively to the terms of imprisonment imposed as to Counts 3 and 6.

f. Role in the Offense, Groups A, B, and C: There should be no adjustments for role pursuant to either USSG § 3B1.1 or § 3B1.2.

g. Restitution: The defendant should pay restitution in an amount to be determined.

11. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines, and that neither party will seek a variance. Although not binding on the probation office or the Court, this Office and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

12. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to: any property involved in, or used or intended to be used to commit, the offenses in violation of 18 U.S.C. §§ 1113 & 1114, and any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offenses, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (G), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. Additionally, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

13. The defendant further agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any firearm or ammunition involved in or used in the commission of the offenses, in violation of 18 U.S.C. § 924, or any violation of any other criminal law of the United States, pursuant to 18 U.S.C. § 924(d)(1).

14. The property subject to forfeiture includes, but is not limited to:

    a. One (1) Glock 17, 9 mm caliber firearm, with serial number AARD957;

    b. One (1) high-capacity magazine; and

    c.  Approximately twenty-five (25) 9 mm rounds of ammunition.

15. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

16. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction.  The defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.  This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation and to take any action necessary to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way any criminal, civil or administrative forfeiture proceedings concerning the forfeiture.

17. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any

recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

18. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

19. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/5/2022 By: _____
DWAYNE E. WILLIAMS
ASSISTANT UNITED STATES ATTORNEY

Date: 7/5/2022 By: _____
HELAINE B. BATOFF, ESQ
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 7/5/22 By: _____
ANDREW S. JACOBS, ESQ.
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 7/5/2022 By: _____
JAMES ROBERT MILLS, Jr.
DEFENDANT