UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-20077-CR-MARTINEZ/BECERRA

UNITED STATES OF AMERICA

vs.

JAMES ROBERT MILLS, Jr.,
a/k/a "B,"

Defendant.
_____/

## STIPULATED FACTUAL PROFFER

The United States of America and JAMES ROBERT MILLS, Jr. (hereinafter referred to as the "defendant"), hereby agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. On January 31, 2022, at approximately 8:28 p.m., two Federal Bureau of Investigation ("FBI") Task Force Officers ("TFO"s) assigned to FBI Miami's Homestead Resident Agency and one City of Homestead Police Department ("HPD") Detective were traveling together in an unmarked FBI rented vehicle (herein referred to as the "TFO Vehicle") while conducting an investigation in the area of 22120 SW 116th Avenue, Miami, Florida 33032. The TFO Vehicle was a white 2022 Jaguar F-Pace, with Florida license plate ending in I57. FBI TFO D.I. (herein referred to as "Victim 1") was driving the vehicle, FBI TFO C.W. (herein referred to as "Victim 2") was in the front passenger seat, and the HPD Detective R.M. (herein referred to as "Victim 3") was seated in the rear passenger seat. Victims 1 and 2 were officers and employees of the FBI, which was an agency in a branch of the United States Government, and they were engaged in the

performance of official duties. Victim 3 was assisting Victim 1, in Victim's performance of his official duties.

2. The TFO Vehicle was driving north along SW 116th Avenue towards the 22200 block, where it approached a black 2017, four-door, Nissan Rogue SUV, with Vehicle Identification Number KNMAT2MT7HP543649 (the "Subject Vehicle"), parked on the side of the southbound lane of SW 116th Avenue, and facing south. The defendant was seated in the rear driver's side passenger seat of the Subject Vehicle and had lowered the window of the rear driver's side door. The defendant was armed with a Glock 17, 9 mm pistol with serial number AARD957 (the "firearm"), which had attached an extended, high-capacity magazine, containing ammunition. The firearm was a deadly and dangerous weapon.

3. As the TFO Vehicle approached the Subject Vehicle, Victim 1 observed the rear driver side window down on the Subject Vehicle and Victim 3 observed a firearm protrude from that window of the Subject Vehicle. Victim 3 yelled, "gun, gun." Immediately, the defendant began shooting (discharging) the firearm at the TFO Vehicle and its occupants. Victim 1 accelerated, and another round of gunshots were fired from the Subject Vehicle. The defendant fired approximately twelve rounds of ammunition at the TFO Vehicle. Victim 1 turned on multiple streets to escape the gunfire and requested emergency backup via the police radio. When additional law enforcement officers arrived, the Subject Vehicle was no longer at the scene.

4. A visual inspection of the TFO Vehicle revealed a minimum of two holes in the vehicle which appeared to be bullet projectile strikes.

5. The scene of the shooting was processed by the Miami-Dade Police Department Crime Scene Investigations Section (CCIS). Preliminary findings from scene processing revealed

approximately twenty-four (24) 9-mm casings and one (1) projectile recovered. None of the victims discharged their firearms during the incident.

6. When the defendant discharged the firearm at the TFO Vehicle, he did so knowingly and intentionally, and with malice aforethought, with the intent kill both Victims 1 and 2, while Victims 1 and 2 were engaged in and on account of the performance of their official duties. The defendant attempted to commit murder in the second degree; he did not attempt to commit murder in the first degree.

7. When the defendant discharged the firearm at the TFO Vehicle, he did so knowingly and intentionally, and with malice aforethought, with the intent to kill Victim 3, who was assisting Victim 1, while Victim 1 was engaged in and on account of the performance of official duties. The defendant attempted to commit murder in the second degree; he did not attempt to commit murder in the first degree.

8. When the defendant discharged the firearm at the TFO Vehicle he did forcibly assault, resist, oppose, impede, intimidate, and interfere with both Victims 1 and 2, while Victims 1 and 2 were engaged in and on account of the performance of official duties.

(continued on next page)

9. When the defendant discharged the firearm at the TFO Vehicle he did forcibly assault, resist, oppose, impede, intimidate, and interfere with Victim 3, who was assisting Victim 1, while Victim 1 was engaged in and on account of the performance of official duties.

SO STIPULATED by the parties and their legal counsel.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/5/2022   By: _____
DWAYNE E. WILLIAMS
ASSISTANT UNITED STATES ATTORNEY

Date: 7/5/2022   By: _____
HELAINE B. BATOFF, ESQ
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 7/5/22   By: _____
ANDREW S. JACOBS, ESQ.
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 7/5/2022   By: _____
JAMES ROBERT MILLS, Jr.
DEFENDANT